Mark D. Mailman, I.D. No. MDM 1122
John Soumilas, I.D. No. JS 0034
Geoffrey H. Baskerville, I.D. No. GB 2716
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACI TOTINO ) | |
| ) | **Civil Action No.** |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| TRANS UNION LLC, EQUIFAX ) | |
| INFORMATION SERVICES, LLC, ) | **JURY TRIAL DEMANDED** |
| EXPERIAN INFORMATION ) | **NON-ARBITRATION** |
| SOLUTIONS, INC., CORELOGIC ) | |
| CREDCO, LLC and ) | |
| AMERICAN EXPRESS ) | |
| COMPANY ) | |
| ) | |
| Defendants. | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Traci Totino, against Trans Union LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., CoreLogic Credco, LLC, and American Express Company, for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and other common law rights.

## THE PARTIES

2. Plaintiff Traci Totino is an adult individual residing at 24 Taylor Court, Parisippany, NJ 05054.

3. Defendant, Trans Union, LLC (hereafter "TU"), is a business entity which regularly conducts business in the State of New Jersey, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4. Defendant, Equifax Information Services, LLC (hereafter "Equifax") is a business entity that regularly conducts business in the State of New Jersey, and which has a principle place of business at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

5. Defendant, Experian Information Solutions, Inc. (hereafter "Experian") is a business entity that regularly conducts business in the State of New Jersey, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

6. Defendant, CoreLogic Credco, LLC (hereafter "Credco") is a business entity that regularly conducts business in the State of New Jersey, and which has a principal place of business located at 12395 First American Way, Poway, California 92064.

7. Defendant, American Express Company (hereafter "AMEX") is a business entity that regularly conducts business in the State of New Jersey, and which has a principal place of business located at 200 Vesey Street, WFC-3, New York, NY 10285.

## JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

10. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

11. The inaccurate information includes, but is not limited to, an account with AMEX that marked Plaintiff as deceased.

12. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that incorrectly report Plaintiff as being deceased and which then fail to report Plaintiff's accurate positive credit with AMEX.

13. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

14. Plaintiff has disputed the inaccurate information with Defendants to their representatives and by following Equifax, Experian, Trans Union and Credco's established procedures for disputing consumer credit information.

15. Plaintiff has disputed the inaccurate information with Equifax, Experian, Trans Union and Credco from March 2011 through the present.

16. Notwithstanding Plaintiff's efforts, Equifax, Experian, Trans Union and Credco have sent Plaintiff correspondence indicating that, rather than correct the inaccurate deceased marking, Equifax, Experian, Trans Union and Credco have deleted Plaintiff's otherwise positive account and intend to publish and disseminate Plaintiff's credit reports containing such inaccurate and incomplete information to other third parties, persons, entities and credit grantors.

Equifax, Experian, Trans Union and Credco have published and disseminated consumer reports to such third parties from at least March 2011 through the present.

17. Despite Plaintiff's efforts, Equifax, Experian, Trans Union and Credco have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; or (5) searching for any certificate of death.

18. Notwithstanding Plaintiff's disputes, AMEX has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes and has willfully continued to report inaccurate and incomplete information to various credit reporting agencies.

19. In addition, beginning in or about November 2010, Plaintiff directly disputed the marking of her account as deceased with AMEX.

20. In response to Plaintiff's direct disputes, AMEX repeatedly assured Plaintiff that the issue would be corrected.

21. Despite its assurances to the contrary, AMEX continued to mark Plaintiff's account as deceased, sent Plaintiff correspondence addressed to the "Estate of Traci M. Tontino" offering condolences to Plaintiff's family and cancelled her credit account based on her being deceased.

22. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform

4

reasonable reinvestigations and/or investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies and have failed to report complete and accurate information as to Plaintiff.

23. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrasment.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I –EQUIFAX, EXPERIAN, TRANS UNION AND CREDCO
## VIOLATIONS OF THE FCRA

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Equifax, Experian, Trans Union and Credco were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

28. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax, Experian, Trans Union and Credco are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

31. The conduct of Equifax, Experian, Trans Union and Credco was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax, Experian, Trans Union and Credco are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II –AMEX
## VIOLATIONS OF THE FCRA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. At all times pertinent hereto AMEX was a "person" as that term defined by 15 U.S.C. § 1681a(b).

34. AMEX violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

35. AMEX's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result AMEX is liable to compensate Plaintiff for the full amount of

6

statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

36. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

## COUNT III –AMEX
## NEGLIGENCE

37. Defendant AMEX's negligence consists of the following:

   (a) Failing to employ reasonable procedures to ensure that Plaintiff's account was not categorized as deceased when she is very much alive; and

   (b) Closing Plaintiff's account on the basis that Plaintiff was deceased.

38. As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

39. The conduct of Defendant AMEX was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above.

## JURY TRIAL DEMAND

40. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates John Soumilas as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary

## ARBITRATION CERTIFICATION

I, John Soumilas, counsel of record do hereby certify pursuant to Local Civil Rule 201.1(d) that relief other than monetary damages is sought and that the damages sought are in

excess of $150,000. I further certify that, to my knowledge, the within case is not the subject of any action, arbitration or administrative hearing now pending in any court.

                Respectfully submitted,

                **FRANCIS & MAILMAN, P.C.**

BY:   */s/ John Soumilas*_____
       MARK D. MAILMAN, ESQUIRE
       JOHN SOUMILAS, ESQUIRE
       GEOFFREY H. BASKERVILLE, ESQUIRE
       Land Title Building, 19th Floor
       100 South Broad Street
       Philadelphia, PA 19110
       (215) 735-8600
       Attorneys for Plaintiff

Dated: October 7, 2011